Glasco *v.* New York Central Rail Road Company.

[MONROE GENERAL TERM, June 2, 1862. *Johnson, Welles* and *Campbell,* Justices.]

———————•—◦—•———————

GLASCO *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

Where a contract was made, in the city of New York, between R. and H., a person professing to act as agent for three lines of public conveyances, (including the N. Y. Central Rail Road Co.,) running in connection with each other, to transport R. and her baggage from N. Y. to Cobourg in Canada, and she received from him three tickets, one of which was for a passage over the Central rail road, and such ticket was accepted by the conductors upon the rail road, as evidence of R.'s right to ride upon the cars as a passenger; they marking it, and taking it up at or near the end of the route, in the usual manner, without demanding any fare of her; *Held* that there was sufficient proof of an undertaking on the part of the Central rail road company to transport R. and her goods over its road; and that the company's conductors, whose business it was to look to such matters, having accepted and treated R.'s ticket as sufficient, the law would presume the undertaking made by H. on behalf of the company was valid, and binding upon such company, until the contrary appeared.

Glasco *v.* New York Central Road Road Company.

The obligation of a rail road company is to take whatever is delivered and received as baggage, from a passenger, in the baggage car of a passenger train in which the passenger takes his passage, and take it along with, and deliver it to, the passenger, at the place of destination, in the usual manner of transporting and delivering baggage.

The obligation is the same, whether the baggage is within the quantity allowed to a passenger, to be carried without any charge, other than the ordinary fare of the passenger; or whether it is an extra quantity, for which an additional charge is made.

If it be taken as the baggage of the passenger, whether ordinary or extra, it is to be carried with the passenger; unless there is some agreement to the contrary.

IN this case the proof showed, and the jury found as facts, that there were three lines of public conveyances running in connection with each other from New York to Cobourg, in Canada, viz : The People's Line of boats from New York to Albany, the New York Central R. R. Co. from Albany to Rochester, (or Charlotte, the port of Rochester,) and a line of boats from Charlotte to Cobourg, on Lake Ontario.   In July, 1857, Sarah Ryan, then in New York, wife of William Ryan, the plaintiff's assignor, started for Canada, where her husband was, taking with her the goods of her husband, which were subsequently lost.   She had a trunk, a bundle of bedding, and a roll of carpeting, a lot of carpenter's tools, &c.   She purchased at the ticket office on the wharf at New York, of one John C. Hewitt, the agent of the People's Line, three tickets, one for the steamboat from New York to Albany, one for the Central rail road from Albany to Charlotte, and one for the lake boat from Charlotte to Cobourg.   One ticket she gave up on the steamboat, before reaching Albany ; one to the defendant's conductor, on the rail road, before reaching Charlotte ; the third one she retained, on finding her baggage lost, and paid her money in its place.   The goods were all weighed at New York, and she was charged freight on 225 pounds over what was allowed as ordinary baggage. For her passage and ordinary baggage she paid Hewitt $4.50, and for extra freight on the 225 pounds she paid him $3, in all $7.50.   The payment of the freight on the extra

baggage was receipted on the ticket. When she arrived at Albany, she saw her baggage *put in the baggage car of the defendant, on the same train as that she went in.* On arriving at Rochester the goods were not delivered to her, nor at Charlotte, nor at Cobourg, nor could she find them, though she looked for them. They were never delivered to her or her husband, either at Rochester, or Charlotte, or Cobourg, although sought for by Ryan, and demanded of the rail road superintendent. The claim was duly assigned to the plaintiff, who brought this action to recover the value of the property. On the trial at the circuit the judge charged the jury, among other things, that the main question in the case was whether the defendant discharged its duty as common carrier. That the whole personal property of this woman, as well what was allowed as baggage as that upon which freight was paid, must be treated and regarded as personal baggage, and it was the duty of the defendant to carry and deliver this property with Mrs. Ryan, and at the same time. To this part of the charge the defendant's counsel excepted. That it was also the duty of the defendant to deliver this property upon the arrival of the cars at Charlotte, to Mrs. Ryan, or on board the steamboat at Charlotte, or into the custody of some person having charge of the boat, or authorized to receive baggage for the same. To this part of the charge the counsel for the defendant also excepted. That the delivery at a warehouse was not sufficient, even if made within what would be a reasonable time in respect to general freight received for transportation. That the trunk and bundles were to accompany the person, and the defendant was bound to deliver them to the person or upon the vessel with Mrs. Ryan, or in charge of some one having charge of the vessel. To this part of the charge the defendant's counsel excepted. That in the case of ordinary freight, a delivery at Charlotte within a reasonable time would be sufficient, but in this case Mrs. Ryan, as a traveler, was entitled to have this property delivered immediately upon her arrival at Charlotte, and be-

fore the departure of the steamboat she expected to take, so that she could continue her journey in the ordinary way, and if it was not ready to be delivered to her or on board the vessel on her arrival at Charlotte so that she could continue her journey with it, that would be a failure to deliver it within a reasonable time. That a traveler is not bound to wait for his baggage beyond the period requisite to enable him to continue the journey without interruption, for such cause. To this part of the charge the defendant's counsel also excepted. The counsel for the defendant thereupon requested his honor the judge to instruct the jury as follows: 1st. That the fact of Mrs. Ryan riding on the defendant's cars, from Albany to Charlotte, on a ticket furnished by Hewitt, was not sufficient evidence of a contract between her and the defendant, by which the defendant assumed, or undertook for hire, to carry the goods in question from Albany to Charlotte. But the judge declined so to instruct or charge the jury, and the defendant's counsel excepted. 2d. That if the jury should find that the defendant undertook to transport the goods from Albany to Charlotte, and also found that they were delivered at Charlotte in the usual way of the delivery of goods for Cobourg, namely, at Holden's warehouse, within a reasonable time, the plaintiff could not recover. But the judge declined to vary his charge in the way last requested, and the defendant's counsel excepted. The jury found a verdict for the plaintiff for $191.21; whereupon the said court ordered a stay of proceedings to enable the defendant to make a case or bill of exceptions, to be heard in the first instance at the general term.

*By the Court,* JOHNSON, J. The first point made by the defendant is, in substance, that there is no sufficient evidence to show any undertaking, on its part, to transport Mrs. Ryan and her goods from Albany to Charlotte, over its road. But I think the evidence is abundantly sufficient to prove such an undertaking. The contract was made in the city of New

Glasco v. New York Central Rail Road Company.

York, between Mrs. Ryan and a person professing to act as agent, to transport her and her baggage from that place to Cobourg in Canada. She paid the amount required for the transportation of herself and baggage to the place of destination, and received three tickets; one for a passage by steamboat to Albany, another for a passage over the defendant's road to Charlotte, and a third from that place to Cobourg. When she arrived at Albany her baggage was placed in the baggage car, where the baggage of passengers is usually carried, in the same train in which she took her passage in one of the passenger cars. The conductors upon the route received the ticket as evidence of her right to ride upon the cars as a passenger, marking it, and taking it up at or near the end of the route, in the usual manner, without demanding payment of any other fare by her. The defendant's agents, whose business it is to look to such matters, having accepted and treated her evidence or token of the right claimed and exercised by her, as sufficient, the law will presume the undertaking valid and binding, until the contrary appears.

The question then arises, whether the contract was broken by the defendant, so as to give a right of action to the person with whom it was made, or his assigns. This depends upon the question whether it was performed by the defendant according to its tenor and effect. That it was not so performed on the part of the defendant is, I think, rendered entirely clear by the evidence. The contract obviously was to transport Mrs. Ryan, and her baggage with her at the same time, as personal baggage. A considerable portion of the property, as appears from the evidence, was not such as would have been regarded as personal baggage, which the defendant would have been bound to transport, under an undertaking to carry the person merely. Such an undertaking implies an agreement to carry with the passenger such limited quantity of articles, for personal use, pleasure or amusement, only, as are usually carried by travelers. (*Hawkins* v. *Hoff-*

*man*, 6 *Hill*, 586.) But here was an express contract. A portion was deducted as baggage which the passenger had the right to have carried in consideration of the fare paid by her for the passage of herself, and the balance was charged and paid for as extra baggage. It was not received or treated as ordinary freight, but as baggage, to be carried with the passenger, upon the same train.

The obligation of a rail road company undoubtedly is to take whatever is delivered and received as baggage from a passenger, in the baggage car of a passenger train in which the passenger takes his passage, and take it along with and deliver it to the passenger at the place of destination, in the usual manner of transporting and delivering baggage. And in this respect the obligation is the same, whether the baggage is within the quantity allowed to a passenger to be carried without any charge, other than the ordinary fare of the passenger, or whether it is an extra quantity, for which an additional charge is made. If it is taken as the baggage of the passenger, whether ordinary or extra, it is to be carried with the passenger, unless there is some agreement to the contrary. Any other rule would be productive of great inconvenience and hardship, if not loss, and would subject travelers, often, to intolerable delays and annoyances. The judge was right, therefore, at the circuit, in charging the jury that the property in question, under the circumstances of the case, was to be regarded and treated as personal baggage.

It is abundantly established by the evidence that the defendant did not take the baggage to the place of destination on its line, with the passenger, and that it had not been found, or delivered or offered, by the defendant, at the time of the commencement of this action, which was about two weeks after the passage. A right of action had therefore, undoubtedly, accrued when this action was commenced. No question was raised upon the trial, nor upon the argument,

Glasco *v.* New York Central Rail Road Company.

in respect to the measure of damages which the plaintiff was entitled to recover.

The judge very properly refused to charge the jury, as requested by the defendant's counsel in his second proposition. There was no evidence on which any such charge could be based. It having been made clearly to appear that the property did not arrive with the passenger, and could not be found, although inquired after and searched for, and that it could not be found several days afterward, and there being no pretense that it had ever been delivered or offered to the owner, or any notice given of its having been subsequently discovered, there was nothing upon that subject which could have been properly submitted to the jury. The only evidence which the defendant gave, was that some goods of a similar description were seen in the warehouse at Charlotte in the following November. The goods were taken by the defendant about the middle of July, and no evidence of their having been seen by any one after that time, until November following. Most certainly, upon this evidence, the jury would not have been warranted in finding that the property had been delivered at Charlotte in the usual way, and within the proper time. There was, I think, no error in the charge, or in the refusal to charge as requested; and a new trial must be denied.

[MONROE GENERAL TERM, June 2, 1862. *Johnson, Welles* and *Campbell*, Justices.]